U.S. Department of Justice                                Modification of Release Conditions
United States Parole Commission

---

Name: **Anthony Brown** (a.k.a Antonio Brown)           Reg. No: 09160-007

To: United States Parole Commission                     DCDC No: 186-650

It is recommended that the U.S. Parole Commission modify the conditions of release of the above-named person by the addition or revision set forth below. By copy of this proposal, NOTICE is hereby given to the releasee, who may object or comment to the Commission within ten days after he receives this NOTICE. If the Commission approves the proposed modification, it shall become effective not later than twenty-one days following the ten-day period referred to above.

```
You shall make a full and complete disclosure of your financial and business activities,
as required by the Supervision Officer.  You shall submit to an audit of your personal
and business financial records, as requested by your Supervision Officer.

You shall submit to a search of your person, property, vehicle, and abode, conducted at a
reasonable time and in a reasonable manner by the Supervision Officer.
```

_____                           _____1/4/06_____
Community Supervision Officer                           Date

---

To Be Completed By Releasee:

_____      I hereby waive the ten-day waiting period and agree to the proposed modification of conditions.
(Initials)

__A.B___        I object to the proposed modifications of conditions and my reasons are stated on the reverse side of
(Initials) this form.

_____Anthony Brown_____                         ____1-4-06_____
         Releasee                                              Date

---

Instructions: Original of this form to U.S. Parole Commission; copy to releasee; copy retained by Supervision Officer. A Notice of Action will be sent to the Supervision Officer by the Commissioner, with a copy for the releasee.

U.S. Parole Commission Comments:




_____      The above modification/addition of release conditions is ordered to be effective immediately or effective
(Initials) _____.
                    (date)

_____      The above modification/addition of release conditions is denied.
(Initials)

_____                           _____
         Commissioner                                           Date

[GOVERNMENT EXHIBIT stamp]



# Court Services and Offender Supervision Agency
## for the District of Columbia
*Community Supervision Services*
*Special Supervision Branch*

January 5, 2006

Jordana Randall
United States Parole Commission
5550 Friendship Boulevard, Suite 420
Chevy Chase, MD  20815

**RE:    Anthony Brown, 09160-007**
           **Modification of Parole Conditions**

Dear Ms. Randall:

Mr. Brown was released to parole supervision on August 8, 2004 after serving a period of incarceration in relation to D.C. Superior Court Case F-6785-84 (Rape While Armed x 3, and Sodomy x 3).  Mr. Brown has a full term date of June 2, 2068.  A modification request was submitted on November 14, 2005 seeking the Special Sex Offender Aftercare Condition be added to Mr. Brown parole conditions.  However, on January 5, 2005, this writer was notified by the Commission, seeking new F1s be submitted seeking the additional conditions of: Offender shall be supervised at the highest level; Offender shall be required to take a polygraph examination yearly; Offender shall be subject to GPS monitoring; and Offender shall have no contact with the victim.  Please consider the attached request to modify Mr. Brown's parole conditions as instructed by the Commission.  Additionally, at present, conditions are being sought to mandate the offender to disclose financial information and to submit to searches of his person, property, automobile, and abode.  The requests for the latter two conditions are based on the following information.

During an accountability tour on November 17, 2005 with the Metropolitan Police Department (MPD) to Mr. Brown's residence (1111 Queen Street NE, Apartment 2, Washington, D.C.), Mr. Brown introduced this CSO and MPD Officer Albert Miller to his "fiancée" Leanne Petty. On November 21, 2005, the offender reported during a scheduled office visit that he discovered Ms. Petty was actively using, and addicted to, crack cocaine.  After that visit, a routine record check was conducted on Leanne Petty with one possible hit: Leanne Petty, DOB: ███, PDID: ███, FBI: ███ The record check also revealed an active warrant for Ms. Petty's arrest (USW92605 – Assault with a Dangerous Weapon).  A review of a photograph attached to the name and identifiers in available systems confirmed that the individual with the active warrant was the same person introduced by the offender to this CSO and MPD Ofc. Miller. (Further investigation revealed that Ms. Petty had two warrants for her arrest: USW92065 and a FTA for sentencing in D.C. Superior Court Case F3848-04 D, also Assault with a Dangerous Weapon.)

On December 2, 2005, during a routine home visit to the offender's residence, Ms. Petty was again observed inside of the residence by this CSO and CSO Anthony Desjardins.  The CSOs completed the home visit, left the residence, and then notified the United States Marshals Service (USMS) of Ms. Petty's current whereabouts.  The CSOs remained in the area until members of the USMS arrived.  Members of the USMS responded to the offender's residence and established surveillance while waiting to enter the residence.  While conducting surveillance, the CSOs and agents of the USMS observed the

offender exit the residence, leave the immediate area on foot, and then return approximately twenty (20) minutes later in his vehicle (2006 Chrysler 300 Limited, DC Tags CJ0068). Where the offender obtained his vehicle from is unknown. Upon parking the vehicle in front of his residence, the offender went into the trunk, obtained a green satchel-like bag, and walked into the residence. Shortly thereafter, agents from the USMS made entry into the offender's residence and made contact with the offender and Ms. Petty. Ms. Petty was subsequently taken into custody. While the agents were inside of the apartment, they questioned the offender about Ms. Petty's presence in the apartment and as to her identity. On December 12, 2005, during a scheduled office visit, the offender failed to disclose a complete and truthful account of his interactions with the USMS on December 2, 2005. Mr. Brown, instead, presented a concocted story about how he turned the Marshals away, left his apartment and went to the store, then returned to the apartment, and only then learned the USMS returned and arrested Ms. Petty after he left. On December 15, 2005, the offender admitted the truth regarding his interactions with the USMS.

On December 12, 2005, the offender reported to supervision he secured employment at Auto Zone located at 4501 St. Barnabas Road, Temple Hills, Maryland. The offender made the December 12, 2005 disclosure verbally to this CSO and on his Supervision Reporting Form. The offender made similar disclosures on his Reporting Forms on December 15, 2005, December 22, 2005 and December 28, 2005, and to the Sex Offender Registry. On December 15, 2005, the offender provided this CSO with a handwritten letter on notebook paper as a means of verifying his employment at Auto Zone. The note stated the offender worked at the above location, and was signed "ShaDonne." On January 3, 2006, this CSO visited Auto Zone at the aforementioned location and interviewed Store Manager Doc Proctor. Mr. Proctor stated the offender has never worked at his store, but knew the offender as the boyfriend of one of his employees, ShaDonne Brown (no relation to the offender). This CSO interviewed Ms. Brown who indicated she has known the offender since September 2005, and has been romantically involved with him since that time. Ms. Brown admitted she wrote the letter on the offender's behalf at his request, according to her, to satisfy the need of a prospective employer. On January 4, 2006, the offender was confronted with his fraudulent claim of employment, and he admitted he never worked at Auto Zone as he previously reported.

Other concerns have arisen regarding the offender's source of income. The offender reported to this CSO, and previous CSOs, that he inherited approximately $74,000 from his mother's estate on or about August 23, 2005. On December 13, 2005, this CSO and CSO Desjardins conducted another routine home visit. During that visit, the CSOs inquired about the offender's car. The offender presented the bill of sale indicating the cost of the car was in excess of $36,000, that the offender made a $25,000 down payment and is currently financing the balance. The offender reported his car note to be seven years with a monthly payment of approximately $340 per month. On December 22, 2005, the offender estimated he had approximately $17,000-$18,000 remaining from his inheritance. The offender has been unemployed since October 6, 2005, and has reported no other source of legitimate income.

Inconsistencies have risen regarding the offender's spending patterns. On December 2, 2005, the offender asked this CSO for a referral letter to the District of Columbia Housing Authority in order to move into pubic housing. This CSO denied the offender's request based his record, status as a registered sex offender, the fact he is unemployed but capable of working, and the fact his self reported wealth is adequate to secure housing independent of public assistance. On December 22, 2005, the offender reported to this CSO that his cell phone was stolen from his vehicle by a person known to him as "Jimmie." At the time, the offender reported that Jimmie is a known drug (crack-cocaine) user to whom he was giving a ride. However, Ms. ShaDonne Brown reported on January 3, 2006 that the offender's cell phone was disconnected by Verizon because of a $600 unpaid bill. On December 28, 2005, the offender reported to this CSO he would pay for Ms. Petty to spend nights in hotels/motels in the metropolitan area. The offender stated he would pay cash for the rooms. It was learned on January 3,

2006, from Ms. Shadonne Brown, that the offender also paid for her to stay in a hotel in September 2005 while looking for an apartment. However, on December 13, 2005 and December 28, 2005 the offender expressed concerns about not being able to make his car payments.

Based on the above, it is respectfully requested the offender be subjected to the special condition requiring him to disclose information pertaining to his financial and business arrangements. The offender has had no source of legitimate income since October 2005. Evidence exists that the offender's spending patterns have been irregular and suspicious. Effective and efficient supervision cannot be provided on the offender without the ability to closely monitor the offender's money. The recent history of the offender deliberately falsifying his reports to supervision directly question the offender's ability to reliably report accurate, truthful, and complete information. Accordingly, the financial disclosure condition is being sought to enhance the offender's accountability to supervision.

The above descriptions of the offender's behavior can be classified into a larger pattern of antisocial behavior. The offender submitted to a psychosexual assessment which classified him into a 'moderate-high' risk category. The assessment provides important insight into the offender's behavior and character. Quoting from the concluding statements of the assessment:

> On the surface, Mr. Brown appears gentle, reserved, and more of a follower. However, by connecting the pieces of information he provided about his history, evidence of more oppositional and aggressive aspects of his personality can be seen. Page 5

> The above-described aspects of Mr. Brown's presentation suggest that while he may appear to be compliant and cooperative, he may not have the internal mechanisms necessary to help him live a more prosocial life. As such, Mr. Brown will require a high level of external structure and accountability until he demonstrates that he has internalized the skills necessary to make safe and appropriate decisions across multiple areas of his life. Page 5

> …based on the issues outlined above, the rape of his victim was probably driven, in part, by his disregard for the rules/laws, his propensity for violence, his lack of attachment to others, and little concern for the consequences of his actions. Whether this was an isolated, opportunistic event or part of a pattern of predatory behavior is unknown at this time, but is a question that should be answered by having Mr. Brown participate in a sexual history polygraph. The outcome of that intervention will significantly impact Mr. Brown's level of risk and consequent treatment and management plans. Page 5

The above extracts highlight the offender's propensity for defiant and oppositional behavior. The Instant Offense demonstrates the offender is also willing to use violence to achieve an ends, and to associate with others capable of violence. More recent examples are contained above of the offender associating with persons involved in criminal behavior – namely his fiancée Ms. Petty. Moreover, the above examples of intentional deceit, falsified documents, and questionable financial management suggest the offender may be involved in additional and ongoing criminal activities. For the above reasons, it is respectfully requested of the Commission to add the conditions contained in the attached F1 forms.

Sincerely,

Eric Olson

Approved by: _____  1/5/06
Paul Brennan, Supervisory Community Supervision Officer

**U.S. Department of Justice**  
United States Parole Commission

Modification of Release Conditions

---

Name: **Anthony Brown** (a.k.a. Antonio Brown)  
Reg. No: 09160-007

To: United States Parole Commission  
DCDC No: 186-650

It is recommended that the U.S. Parole Commission modify the conditions of release of the above-named person by the addition or revision set forth below. By copy of this proposal, NOTICE is hereby given to the releasee, who may object or comment to the Commission within ten days after he receives this NOTICE. If the Commission approves the proposed modification, it shall become effective not later than twenty-one days following the ten-day period referred to above.

**You shall be subject to Global Positioning Systems Monitoring inclusive of curfew and/or exclusion zones determined by your Community Supervision Officer.**

**You shall be subject to the Special Sex Offender Aftercare Condition. You shall participate in an in-patient or out-patient mental health program as directed by your Supervision Officer, with special emphasis on long-term sex offender testing and treatment. You are expected to acknowledge your need for treatment and to participate in good faith in achieving the program goals that will be established for you.**

_____     _____1/9/06_____  
Community Supervision Officer                                                                Date

---

To Be Completed By Releasee:

_____  I hereby waive the ten-day waiting period and agree to the proposed modification of conditions.  
(Initials)

__AB____  I object to the proposed modifications of conditions and my reasons are stated on the reverse side of  
(Initials)        this form.

_____     ____1-9-06_____  
Releasee                                                                                                   Date

Instructions: Original of this form to U.S. Parole Commission; copy to releasee; copy retained by Supervision Officer. A Notice of Action will be sent to the Supervision Officer by the Commissioner, with a copy for the releasee.

U.S. Parole Commission Comments:

_____  The above modification/addition of release conditions is ordered to be effective immediately or effective  
(Initials) _____.  
                  (date)

_____  The above modification/addition of release conditions is denied.  
(Initials)

_____     _____  
Commissioner                                                                                              Date

U.S. Department of Justice  
United States Parole Commission

Modification of Release Conditions

---

Name: **Anthony Brown** (a.k.a. Antonio Brown)   Reg. No: 09160-007

To: United States Parole Commission   DCDC No: 186-650

It is recommended that the U.S. Parole Commission modify the conditions of release of the above-named person by the addition or revision set forth below. By copy of this proposal, NOTICE is hereby given to the releasee, who may object or comment to the Commission within ten days after he receives this NOTICE. If the Commission approves the proposed modification, it shall become effective not later than twenty-one days following the ten-day period referred to above.

**The offender shall be supervised at the highest level.**

**The offender shall be required to take at least one polygraph examination annually.**

**You shall have no contact or communication with the victim of your offense, Falaneia Speaks.**

_____   _1/9/06_  
Community Supervision Officer   Date

---

To Be Completed By Releasee:

_____ I hereby waive the ten-day waiting period and agree to the proposed modification of conditions.  
(Initials)

_A.B._ I object to the proposed modifications of conditions and my reasons are stated on the reverse side of  
(Initials)   this form.

_Anthony Brown_   _1-9-06_  
Releasee   Date

Instructions: Original of this form to U.S. Parole Commission; copy to releasee; copy retained by Supervision Officer. A Notice of Action will be sent to the Supervision Officer by the Commissioner, with a copy for the releasee.

U.S. Parole Commission Comments:

_____ The above modification/addition of release conditions is ordered to be effective immediately or effective  
(Initials) _____.  
   (date)

_____ The above modification/addition of release conditions is denied.  
(Initials)

---

_____   _____  
Commissioner   Date