IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Cr. No. 06-047 (ESH) |
| v. | ) | |
| | ) | |
| ANTHONY BROWN | ) | |
| | ) | |

**DEFENDANT'S MEMORANDUM IN AID OF SENTENCING**

Mr. Anthony Brown, through his counsel, hereby respectfully submits this memorandum in aid of sentencing pursuant to Federal Rule of Criminal Procedure 32. Based on all the sentencing factors in this case, including the United States Sentencing Guidelines, Mr. Brown respectfully submits that he should be sentenced to a period of incarceration of twenty four months, to run concurrently with any sentence he receives from the parole board.

**BACKGROUND**

On February 21, 2006, the government filed a one-count indictment against Mr. Brown, charging him with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1). The criminal conduct charged in the indictment occurred on January 23, 2006. Mr. Brown pled guilty on June 28, 2006, and he is scheduled to be sentenced on September 19, 2006, at 1:45 p.m.

**DISCUSSION**

I.   **THE POST-BOOKER SENTENCING FRAMEWORK.**

Under Justice Breyer's majority opinion in Booker, the "district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing. See 18 U.S.C. § 3553(a)(4)." United States v. Booker, 543 U.S. 220, 264 (2005) (Breyer, J.). While holding that district courts should still consider the Guideline calculations and ranges for sentencing purposes, the remedial majority in Booker held that courts must consider all the purposes of sentencing set forth in 18 U.S.C. § 3553(a). Pursuant to Booker, therefore, courts must treat the Guidelines as but one, among several, sentencing factors.

Pursuant to 18 U.S.C. §§ 3562 and 3553(a)–which were explicitly endorsed by the Supreme Court in Booker–sentencing courts should consider the need for the sentence imposed:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with the needed educational and vocational training, medical care, or other correctional treatment in the most effective manner.

Specifically, courts should "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" set forth above.

Section 3553(a) further directs sentencing courts to consider the nature and circumstances of the offense, the history and characteristics of the defendant, the range of sentences available,

the need to avoid unwanted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, and the need to provide restitution to any victims of the offenses charged.

Pursuant to 18 U.S.C. § 3661, also expressly endorsed by the Booker majority:

> No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purposes of imposing an appropriate sentence.

Section 3582 of Title 18 states that:

> [t]he court, in determining whether to impose a sentence of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in Section 3553(a) to the extent that they are applicable, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation.

Taken together, the directives of Booker, as well as Sections 3553, 3661, and 3582 of Title 18, make it clear that sentencing courts may no longer consider the Guidelines alone in determining the appropriate sentence. With respect to *departures* from the Guideline range, in particular, courts need not justify sentences outside the Guidelines by citing factors that take the case outside the "heartland." Rather, as long as the sentence imposed is reasonable and supported by the factors outlined in Section 3553, courts may disagree with the range proposed by the Guidelines in individual cases and exercise their discretion.

## II. UNDER ALL OF THE RELEVANT SENTENCING FACTORS, MR. BROWN SHOULD RECEIVE A SENTENCE OF INCARCERATION OF 24 MONTHS

### A. Statutory Provisions

Pursuant to the applicable statutes, there is no minimum term of imprisonment, and the

3

maximum term of imprisonment is ten years for this Class C felony. 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

      B.  Advisory Sentencing Guidelines

The Probation Office, using the 2005 Edition of the <u>United States Sentencing Guidelines</u> has concluded that the Base Offense Level in this case is 17 and that Mr. Brown's criminal history category is III, resulting in an advisory Guideline range of 30 to 37 months.

      C.  Other Factors

As noted above, pursuant to 18 U.S.C. §§ 3562 and 3553(a), sentencing courts should consider the need for the sentence imposed 1) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; 2) to afford adequate deterrence to criminal conduct; 3) to protect the public from further crimes of the defendant; and 4) to provide the defendant with the needed educational and vocational training, medical care, or other correctional treatment in the most effective manner.

Section 3553(a) further directs sentencing courts to consider the nature and circumstances of the offense, the history and characteristics of the defendant, the range of sentences available, the need to avoid unwanted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, and the need to provide restitution to any victims of the offenses charged. Specifically, courts should "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" set forth above.

      *I. Nature of the Offense*

Mr. Brown understands that guns are a serious threat to the community and he regrets his

actions in this case. Though Mr. Brown in no way wishes to diminish the seriousness of the offense, he notes that possession of a gun is not a violent crime, nor was any identifiable victim physically hurt as a result of his conduct.

*II. Characteristics of the Defendant*

In 2004 Mr. Brown had to cope with a very difficult event in his personal life that continues to trouble him. As the PSR notes, when Mr. Brown was released from prison, he initially adjusted well to his parole supervision. PSR ¶ 35. However, shortly after his release, his mother died of a heart attack. When Mr. Brown was only 11 years old, his father died. Mr. Brown was therefore extremely close to his mother, who raised him alone for the rest of his life. His mother's death sent Mr. Brown into a depression where he began abusing alcohol and experienced heavy grief. Mr. Brown never received counseling or therapy to help him through this unsettling period of time.

Though Mr. Brown has a significant criminal history, he truly does want to adjust and contribute to his community. He has technical skills and is capable of obtaining and maintaining employment. He understands that his conduct in this case was unacceptable and he deserves to be punished, but he implores the Court to be lenient and include an element of rehabilitation in its sentence, such as alcohol treatment or depression counseling.

*III. Needs of the Community and Public*

The community and the public have a right to be safe from guns and violence. However, they also have a responsibility to help their fellow human beings. Mr. Brown is someone who has never received much help, though he wants and needs it. The community would benefit if Mr. Brown were able to get a job and become a productive member of society.

IV. *Need To Avoid an Unduly Punitive Sentence in Light of Mr. Brown's Impending Parole Board Hearing*

Because Mr. Brown is currently on parole, the parole board will hold a revocation hearing after he is sentenced in this case. Undersigned counsel has consulted with an attorney in the parole division at the Public Defender Service, who informed her that Mr. Brown is facing up to 44 months of incarceration for this parole violation. In order to avoid double-counting and in order to avoid an unduly punitive sentence, Mr. Brown submits it is appropriate to give him a sentence of 24 months in this case and have the sentence run concurrent to whatever sentence he receives from the parole board.

## **CONCLUSION**

For the reasons set forth above, as well as for any others that it may deem fair and reasonable, Mr. Brown asks the Court to sentence him to a period of incarceration of 24 months, to run concurrent with any sentence he receives from the parole board. Such a sentence would be sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553.

Respectfully submitted,

A.J. Kramer
Federal Public Defender


_____/s/_____
Rita Bosworth
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Washington, D.C. 20004
(202) 208-7500 ex.105